[973 NYS2d 755]

In the Matter of ROBERT A. BERTSCH, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 30, 2013

## APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*McDonough & McDonough, LLP*, Garden City (*Chris McDonough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing one charge of professional misconduct. After a hearing, the Special Referee sustained the charge. The Grievance Committee for the Tenth Judicial District now moves to confirm the Special Referee's report, and to impose such discipline as the Court deems just and proper. The respondent joins in the Grievance Committee's motion to the extent it "moves to affirm the Referee's Report wherein it sustains the one Charge." However, the respondent opposes certain statements made by the Special Referee, restates the mitigation produced at the hearing, and argues for a lenient sanction.

The charge alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b). On or about July 17, 2008, an information was filed in the United States District Court for the Northern District of Oklahoma, charging the respondent with violating 18 USC § 4, a felony, as follows:

> "From in or about September 2004, the exact date being unknown, and continuing until on or about July 11, 2007, in the Northern District of Oklahoma,

and elsewhere, the [respondent], having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit: security fraud, in violation of 18 USC § 1348; and, wire fraud, in violation of 18 USC § 1343, did conceal the same, and did not as soon as possible make known the same to some judge [or] other person in civil or military authority under the United States."

On May 4, 2009, before the Honorable Sandra Feuerstein, a Judge of the United States District Court for the Eastern District of New York, the respondent, having previously waived prosecution by indictment, entered a plea of guilty to the information. In his allocution, the respondent admitted that during the relevant period of time:

"[He] had knowledge of the commission of a federal felony offense, that being securities fraud, being perpetrated by several individuals . . . Regrettably, [he] did not as soon as possible notify law enforcement of this activity and [he] also took steps to conceal it.

"The activity [he] was aware of included the preparation of false and misleading documents and manipulation of the stock of at least three different entities."

On July 13, 2011, the respondent was sentenced by Judge Feuerstein to a period of incarceration of one month, a period of supervised release of one year, and a $50,000 fine.

Based upon the evidence adduced, we find that the Special Referee properly sustained the charge. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we find that the respondent has endured hardships as a result of his conviction, including difficulty maintaining his practice and obtaining new clients, financial difficulties, both as a result of the harm to his practice and the expenses incurred in his defense, and embarrassment resulting from his conviction. However, we find that, rather than demonstrating remorse, the respondent has tried to minimize his culpability, both before the sentencing Judge and the Special Referee, by describing what he did wrong as, inter alia, a "poor exercise of judgment" and a "failure to exercise due diligence." In fact, the respondent

abused his position as an attorney, affirmatively aided the commission of a felony, to wit, securities fraud, and affirmatively acted to conceal the commission of that felony. To the extent that the respondent reached out to the Securities and Exchange Commission and the United States Attorney's office, he did so with the knowledge that others were already under investigation, and that he might be next.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of three years.

ENG, P.J., MASTRO, RIVERA, SKELOS and ROMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Robert A. Bertsch, is suspended from the practice of law for a period of three years, commencing immediately, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than April 29, 2016. In such application, the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Robert A. Bertsch, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Robert A. Bertsch, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).